HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7558 / Fax No.: (213) 978-7011

Attorneys for Defendant City of Los Angeles

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOPEZ, an individual; FIREARMS POLICY COALITION, INC., a Delaware nonprofit corporation; and CALIFORNIA GUN RIGHTS FOUNDATION, a California nonprofit corporation,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF LOS ANGELES et al.;<br><br>　　　　　　Defendants. | **CASE NO. 2:26-cv-06003-SK**<br><br>**DEFENDANT CITY OF LOS ANGELES' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant City of Los Angeles, for itself and for no others, admits, denies, and alleges as follows:

### I.    Introduction

1.    In response to paragraph 1, Defendant admits it has an ordinance limiting the purchase of handguns to once every 30 days and states that it speaks for itself such that no responsive pleading is required under the Federal Rules of Civil Procedure. Defendant is without sufficient knowledge or information to form a belief as to the truth

1

of the remaining allegations contained in said paragraphs, and on that basis denies those allegations.

2. In response to paragraphs 2, 3, 6 and 7, Defendant states the allegations in said paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

3. In response to paragraphs 4, and 5, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained in said paragraphs.

## II.     Jurisdiction and Venue

4. In response to paragraphs 8, 9 and 10, Defendant states the allegations in said paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

## III.     Parties

5. In response to paragraphs 11, 12, 13 and 14, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained in said paragraphs.

6. In response to paragraph 15, Defendant admits it is a Charter City with the other allegations being conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

7. In response to paragraph 16, Defendant admits James McDonnell is the Chief of Police with the other allegations being conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

8. In response to paragraph 17, Defendant states the allegations are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure

9. In response to paragraph 18, Defendant admits Hydee Feldstein Soto is the City Attorney with the other allegations being conclusions of law that require no

DEFENDANT CITY OF LOS ANGELES' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

responsive pleading under the Federal Rules of Civil Procedure.

10.     In response to paragraphs 19, 20, 21, 22, 23, 24 and 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs.

### IV.    A  L.A.'s Ban

11.     In response to paragraphs 26, 27, 28, 29, 30, 31, 32 and 33, Defendant states the allegations contained in said paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

### B.    Inglewood's Ban

12.     In response to paragraphs 34, 35, 36, 37, 38, 39, 40, 41 and 42, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained in said paragraphs.

### C.    Plaintiffs' Argument

13.     In response to paragraphs 43, 44, 45, 46, 47 and 48, Defendant states the allegations contained in said paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

14.     In response to paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 and 70, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies each and every allegation contained in said paragraphs.

15.     In response to paragraph 59, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

16.     In response to paragraphs 71, 72, 73, 74 and 75, Defendant states the allegations contained in said paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Count 1

17.    In response to paragraph 76, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

18.    In response to paragraphs 77, 78, 79, 80, 81 and 82, Defendant states the allegations in those paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Count 2

19.    In response to paragraph 83, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

20.    In response to paragraphs 84, 85, 86, 87 and 88, Defendant states the allegations in those paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Count 3

21.    In response to paragraph 89, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

22.    In response to paragraphs 90, 91, 92, 93, 94, and 95, Defendant states the allegations in those paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Count 4

23.    In response to paragraph 96, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

24.    In response to paragraphs 97, 98, 99, 100 and 101, Defendant states the allegations in those paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Count 5

25.    In response to paragraph 102, Defendant repeats, re-alleges and incorporates by reference all of the admissions and denials set forth above.

26.    In response to paragraphs 103, 104, 105, 106 and 107, Defendant states the

allegations in those paragraphs are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are denied on that basis.

## Request for Relief

27. In response to paragraphs 108 through 111, including all subparts, Defendant denies that Plaintiffs are entitled to any of the relief requested.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the claims alleged in the Plaintiffs' Complaint:

### First Affirmative Defense

1. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Defendant.

### Second Affirmative Defense

2. Plaintiffs lack standing and/or capacity to bring this action.

### Third Affirmative Defense

3. Plaintiffs are not entitled to injunctive relief.

### Fourth Affirmative Defense

4. Insofar as Defendant promulgated any rule or regulation or directive, such promulgation was done within the scope of discretion, in good faith, with due care, and with the intent that such rule or regulation or directive conforms in all respects to the laws of this State and the United States.

### Fifth Affirmative Defense

5. Plaintiffs are estopped from claiming any injury, loss or damages because Plaintiffs failed to make reasonable efforts to prevent or mitigate any such injury, loss or damages.

### Sixth Affirmative Defense

6. Defendant reserves the right to assert additional defenses, if and to the extent that such defenses are applicable.

DEFENDANT CITY OF LOS ANGELES' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That judgment be entered in favor of Defendant, together with costs and reasonable attorneys' fees; and

3. Such other relief as the Court deems proper and just.

Date: July 2, 2026

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Asst. City Atty.
GABRIEL S. DERMER, Assistant City Attorney

By: /s Gabriel S. Dermer
GABRIEL S. DERMER, Assistant City Attorney
Attorneys for Defendant City of Los Angeles

DEFENDANT CITY OF LOS ANGELES' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL