GEORGE L. MALLORY, JR., ESQ., (SBN 86311)
**GEORGE L.MALLORY, JR. & ASSOCIATES**
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone:   (310) 788-5555
Facsimile:   (310) 788-5570

Attorneys for Defendants
City of Inglewood,
Mark Fronterotta,
Rick R. Olivarez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS LOPEZ, an individual; FIREARMS POLICY COALITION, INC., a Delaware nonprofit corporation; and CALIFORNIA GUN RIGHTS FOUNDATION, a California nonprofit corporation, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF LOS ANGELES, a California municipal corporation; JAMES McDONNELL, in his official capacity as Chief of Police of the City of Los Angeles; HYDEE FELDSTEIN SOTO, in her official capacity as City Attorney for the City of Los Angeles; CITY OF INGLEWOOD, a California municipal corporation; MARK FRONTEROTTA, in his official capacity as Chief of Police of the City of Inglewood; RICK R. OLIVAREZ, in his official capacity as City Attorney for the City of Inglewood. <br><br> Defendants. | **CASE NO.: 2:26-cv-06003-SK** <br><br> **Honorable U.S. Magistrate Judge Steve Kim** <br><br> **ANSWER OF DEFENDANTS CITY OF INGLEWOOD, MARK FRONTEROTTA AND RICK R. OLIVAREZ TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> **Complaint Filed: June 3, 2026 Trial Date:        TBD** |

-1-

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Defendants CITY OF INGLEWOOD, MARK FRONTEROTTA, AND RICK R. OLIVAREZ answering Plaintiffs' THOMAS LOPEZ, an individual, FIREARMS POLICY COALITION, INC. a Delaware nonprofit corporation, and CALIFORNIA GUN RIGHTS FOUNDATION, a California nonprofit corporation, COMPLAINT on file herein, for themselves only and no other Defendant, admits, denies, and alleges as follows:

## I.    Introduction

1.  With regard to Paragraph 1 of the Complaint, these answering Defendants Admit to the local ordinance that prohibits any person from purchasing more than one handgun within a thirty-day period and deny the rest of the allegations contained therein.

2.  With regard to Paragraph 2 of the Complaint, these answering Defendants Admit to the holding in *Nguyen* but do not have sufficient information and belief to enable them to answer the rest of the paragraph and on that ground, denies the rest of the allegations contained therein.

3.  With regard to Paragraph 3 of the Complaint, these answering Defendants Admit to adopting the municipal code but deny the intent to enforce it. Plaintiffs have been informed that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution.  Moreover, Plaintiffs have been informed that the City of Inglewood intends to repeal the local ordinance.

4.   With regard to Paragraph 4 of the Complaint, these answering Defendants Deny both generally and specifically each and every allegation contained therein. Plaintiffs have been informed that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

5.   With regard to Paragraphs 5, 6, & 7 of the Complaint, these answering

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendants have not prosecuted any citizen under the Municipal Code at issue in that there are no gun dealers in the City of Inglewood. As such, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

## II. Jurisdiction & Venue

6. With regard to Paragraph 8 of the Complaint, these answering Defendants admit that under the facts alleged, this Court has subject matter jurisdiction over Plaintiffs' claims at this time.

7. With regard to Paragraphs 9 and 10 of the Complaint, these answering Defendants admit that all of the events and occurrences giving rise to this action as it relates to this responding party, occurred in the Central District.

## III. Parties

8. With regard to Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the Complaint, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

9. With regard to Paragraphs 21, 22, 23, 24, and 25 of the Complaint, these answering Defendants admit the allegations contained therein.

## IV. 1-in-30 Bans Violate the Constitution.

### A. L.A. City's 1-in-30 Ban.

10. With regard to Paragraphs 26, 27, 28, 29, 30, 31, 32, and 33 of the Complaint, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

### B. Inglewood's 1-in-30 Ban.

11. With respect to Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, and 42 of the Complaint, these answering Defendants admit that Municipal Code Section 5-

-3-

19.6 (b) prohibits any person from purchasing more than one handgun within a thirty-day period.  Plaintiffs have been informed that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants deny each and every allegation contained therein.

### C. Plaintiff's Argument

12.   With regard to Paragraph 43 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants deny each and every allegation contained therein.

13.   With regard to Paragraph 44 of the Complaint, these answering Defendants admit the allegations contained therein.

14.   With regard to Paragraphs 45, 46, 47, and 48 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants deny each and every allegation contained therein.

15.   With regard to Paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution.

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants deny each and every allegation contained therein.

16.     With regard to Paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants deny each and every allegation contained therein.

17.     With regard to Paragraphs 71, 72, 73, 74, and 75 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

## COUNT ONE

### l-in-30 Bans

### 42 U.S.C. § 1983

### Action for Deprivation of Plaintiffs' Rights under the

### Second and Fourteenth Amendments

### Facial and As-Applied

### (All Plaintiffs v. All Defendants)

18.     With regard to Paragraph 76 of the Complaint, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 17 as

-5-

though fully set forth herein.

19.    With regard to Paragraphs 77 and 79 of the Complaint, these answering Defendants admit to each and every allegation contained therein.

20.    With regard to Paragraphs 78, 80, 81, and 82 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury. As for the remainder of the allegations set forth in said paragraphs, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

**COUNT TWO**

**Section 1021.11**

**42 U.S.C. § 1983**

**Action for Deprivation of Plaintiffs' Rights under the**

**First and Fourteenth Amendments**

**Facial and As-Applied**

**(All Plaintiffs v. All Defendants)**

21.    With regard to Paragraph 83 of the Complaint, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 20 as though fully set forth herein.

22.    With regard to Paragraphs 84 and 86 of the Complaint, these answering Defendants admit to each and every allegation contained therein.

23.    With regard to Paragraphs 85, 87 and 88 of the Complaint, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

**DEFENDANT'S ANSWER TO COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**COUNT THREE**

**Section 1021.11**

**42 U.S.C. § 1983**

**Action for Deprivation of Plaintiffs' Rights under the**

**Supremacy Clause**

**Facial and As-Applied**

**(All Plaintiffs v. All Defendants)**

24.    With regard to Paragraph 89 of the Complaint, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 24 as though fully set forth herein.

25.    With regard to Paragraphs 90, 92, and 93 of the Complaint, these answering Defendants admit to each and every allegation contained therein.

26.    With regard to Paragraphs 91, 94, and 95 of the Complaint,

these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

**COUNT FOUR**

**Section 1021.11**

**42 U.S.C. § 1983**

**Action for Deprivation of Plaintiffs' Rights under the**

**Equal Protection Clause**

**Facial and As-Applied**

**(All Plaintiffs v. All Defendants)**

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

27. With regard to Paragraph 96 of the Complaint, these answering Defendants incorporates by reference their responses to Paragraphs 1 through 26 as though fully set forth herein.

28. With regard to Paragraphs 97 and 99 of the Complaint, these answering Defendants admit to each and every allegation contained therein.

29. With regard to Paragraphs 98, 100, and 101 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury. As for the remainder of the allegations set forth in said paragraphs, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

**COUNT FIVE**

**Section 1021.11**

**42 U.S.C. § 1983**

**Action for Deprivation of Plaintiffs' Rights under the**

**Due Process Clause**

**Facial and As-Applied**

**(All Plaintiffs v. All Defendants)**

30. With regard to Paragraph 102 of the Complaint, these answering Defendants incorporates by reference its responses to Paragraphs 1 through 29 as though fully set forth herein.

31. With regard to Paragraphs 103 and 105 of the Complaint, these answering Defendants admit to each and every allegation contained therein.

32. With regard to Paragraphs 104, 106, and 107 of the Complaint, these answering Defendants have informed Plaintiffs that there are no gun dealers

**DEFENDANT'S ANSWER TO COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

located in the City of Inglewood, and therefore there could be no violation of the municipal code, and no credible threat of enforcement/prosecution. Thus, Plaintiffs cannot articulate a concrete factual injury.

As for the remainder of the allegations set forth in said paragraphs, these answering Defendants do not have sufficient information and belief to enable them to answer said paragraphs and on that ground, denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33.    Plaintiffs' lack standing pursuant to Lujan vs. Defenders Wildlife 504 U.S. 555 (1992) in that the Plaintiffs cannot illustrate (1) an injury-in-fact—an invasion of a legally protected interest that is concrete and particularized, and actual or imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct; and (3) redressability—a likelihood, not mere speculation, that a favorable decision will redress the injury

### SECOND AFFIRMATIVE DEFENSE

34.    The allegations contained in Plaintiffs complaint are moot because City of Inglewood there are no gun dealers in the City of Inglewood and the City has not prosecuted or enforced the gun ordinance based on impossibility. A Second Amendment claim becomes moot—and must be dismissed for lack of subject-matter jurisdiction—when the challenged regulation is repealed or otherwise ceases to operate, and there is no reasonable expectation that the alleged injury will recur.

### THIRD AFFIRMATIVE DEFENSE

35.    The Plaintiff's claims should be denied in that they are not ripe and should be barred from adjudication in the federal court pursuant to Hightower vs. City of Boston, 822 F. Supp 2nd 38 (2011).

### FOURTH AFFIRMATIVE DEFENSE

36.    That Plaintiffs' Complaint does not state facts sufficient to constitute a

DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL

cause of action against these answering Defendants under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

37. These answering Defendants are immune from liability under the Eleventh Amendment of the Constitution of the United States.

## SIXTH AFFIRMATIVE DEFENSE

38. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SEVENTH AFFIRMATIVE DEFENSE

39. The City of Inglewood is immune from liability pursuant to Monell.

## EIGHTH AFFIRMATIVE DEFENSE

40. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of discretion vested in the public employee.

## NINTH AFFIRMATIVE DEFENSE

41. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid, and applicable.

## TENTH AFFIRMATIVE DEFENSE

42. Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

## ELEVENTH AFFIRMATIVE DEFENSE

43. Each of the individually named Defendants asserts Qualified Immunity pursuant to 42 U.S.C. 1983.

## TWELFTH AFFIRMATIVE DEFENSE

44. The actions of these answering Defendants and its employees in all

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

respects were reasonable, proper, and legal.

## THIRTEENTH AFFIRMATIVE DEFENSE

45. The Plaintiffs' claims are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

46. Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation is negligent or intentional.

## FIFTEENTH AFFRMATIVE DEFENSE

47. Plaintiffs' Complaint fails to state a cause of action against the individual Defendants for punitive damages in that punitive damages violate these Defendants' due process of law rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

48. Plaintiffs failed to comply with the provisions of the California Tort Claims Act, Government Code Section 910, et seq., and are now barred from bringing their state law or common law claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

49. These answering Defendants are not liable under any negligence theory absent a statute imposing a duty upon these answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

50. As the City's employees are immune from liability, the City is not liable for any injury resulting from the acts or omissions of its employees pursuant to Government Code Section 815.2.

## NINETEENTH AFFIRMATIVE DEFENSE

51. The City is not liable for punitive damages pursuant to Government Code Section 818.

## TWENTIETH AFFIRMATIVE DEFENSE

52. The acts complained of in the Complaint herein occurred within the scope of Defendants' official duties, and the Defendants had no knowledge that said

-11-

**DEFENDANT'S ANSWER TO COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

acts were illegal and/or unconstitutional, nor were said acts clearly violative of Plaintiff's rights at the time they were committed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

53.    Public entities and employees are immune from liability for injury, whether caused by the act or omission of the public entity, an employee thereof or any other person, except as expressly provided by statute.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

54.    These answering Defendants assert the affirmative defense of privileged conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

55.    These answering Defendants allege that they are immune from liability pursuant to applicable sections if the California Government Code, Penal Code, and other relevant state and federal case law and codes.  Said immunity acts as a bar to this litigation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

56.    These answering Defendants allege that Plaintiffs' allegations do not state a claim for deprivation of any right secured by United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

57.     These answering Defendants allege that it is entitled to all other applicable immunities provided by state and/or federal law not specifically set forth herein and specially reserves the right to add or amend this Answer prior to the date of trial in order to conform to the pleadings or established evidence.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

58.    This Second Amendment claim is subject to the Abstention Doctrine and the Court should decline to exercise jurisdiction.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59.    These answering Defendants allege that they may have other separate, distinct, and additional defenses of which it is presently not aware, and hereby

-12-

reserves the right to raise and assert such defenses by amendment of this Answer when discovery is complete.

**WHEREFORE,** Defendants City of Inglewood, Mark Fronterotta, and Rick R. Olivarez pray that Plaintiffs take nothing by way of their Complaint and that these Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

///

DATED:  July 7, 2026          GEORGE L. MALLORY, JR. & ASSOCIATES

By  /s/George L. Mallory, Jr._____
            George L. Mallory, Jr.
            Attorneys for Defendants
            City of Inglewood,
            Mark Fronterotta,
            Rick R. Olivarez

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendants City of Inglewood, Mark Fronterotta, and Rick R. Olivarez request a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

///

DATED:  July 7, 2026          GEORGE L. MALLORY, JR. & ASSOCIATES

By *ced* */s/George L. Mallory, Jr.*_____
            George L. Mallory, Jr.
            Attorneys for Defendants
            City of Inglewood,
            Mark Fronterotta,
            Rick R. Olivarez

**DEFENDANT'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**