David Bartels (SBN 209449)
dbartels@lawrencebartels.com
LAWRENCE BARTELS LLP
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618-3047
(949) 346-4646

Chad Flores
chad@chadflores.law
FLORES LAW PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Attorneys for Plaintiffs Thomas Lopez,
Firearms Policy Coalition, Inc, and California Gun Rights Foundation

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOPEZ, an individual; FIREARMS POLICY COALITION, INC., a Delaware nonprofit corporation; and CALIFORNIA GUN RIGHTS FOUNDATION, a California nonprofit corporation, | No.  2:26-cv-06003-FMO-KSx |
| Plaintiffs, | **PROPOSED DISCOVERY PLAN** |
| v. | |
| CITY OF LOS ANGELES, a California municipal corporation; JAMES McDONNELL, in his official capacity as Chief of Police of the City of Los Angeles; HYDEE FELDSTEIN SOTO, in her official capacity as City Attorney for the City of Los Angeles; CITY OF INGLEWOOD, a California municipal corporation; MARK FRONTEROTTA, in his official capacity as Chief of Police of the City of Inglewood; | |

1

RICK R. OLIVAREZ, in his official capacity as City Attorney for the City of Inglewood.

Defendants.

Plaintiffs file this proposed discovery plan, having substantially conferred with all of the Defendants as far as has been practicable. Plaintiffs have fully conferred with counsel for Defendants the City of Inglewood, Mark Fronterotta, and Rick R. Olivarez ("the Inglewood Defendants"), who agree to this proposal except where expressly noted otherwise.  Plaintiffs have partially conferred with counsel for Defendants the City of Los Angeles, James McDonnell, and Hydee Soto ("the Los Angeles Defendants"), whose counsel has been recently unavailable for reasonable reasons and will supplement this filing as soon as is practicable.

1.    <u>Nature of Claims and Defenses</u> Plaintiffs Thomas Lopez, Firearms Policy Coalition, Inc., and California Gun Rights Foundation bring this action under 42 U.S.C. § 1983. Plaintiffs claim that the handgun-purchase ordinances enforced by the City of Los Angeles (LAMC § 55.14) and the City of Inglewood (Inglewood Mun. Code § 5-19.6), which prohibit the purchase of more than one handgun in a thirty-day period (the "1-in-30 Bans"), violate the Second and Fourteenth Amendments, both facially and as applied. Plaintiffs further claim that California Code of Civil Procedure § 1021.11's one-way fee-shifting regime violates the First and Fourteenth Amendments, the Supremacy Clause, and the Due Process and Equal Protection Clauses. Plaintiffs contend that the merits present predominantly legal questions governed by controlling Ninth Circuit and Supreme Court authority, with

any factual disputes largely confined to standing and the historical record bearing on the Nation's tradition of firearm regulation.

2. Defendant the City of Los Angeles has answered, denying the material allegations and asserting affirmative defenses including failure to state a claim, lack of standing and capacity, that Plaintiffs are not entitled to injunctive relief, good-faith conduct within the scope of discretion, and failure to mitigate. The City of Los Angeles has also demanded a jury trial.

3. Defendants James McDonnell and Hydee Feldstein Soto have not answered or otherwise responded to the complaint. By stipulation, Doc. 30, they have until August 17, 2026, to respond to the complaint.

4. Defendants the City of Inglewood, Mark Fronterotta, and Rick R. Olivarez ("the Inglewood Defendants") have answered, denying the material allegations and asserting, among other affirmative defenses, that Plaintiffs lack Article III standing under Lujan v. Defenders of Wildlife because there are no licensed firearms dealers located in the City of Inglewood and thus no credible threat of enforcement or prosecution and no concrete injury; that Plaintiffs' claims are moot and unripe, including because the City of Inglewood has never enforced the ordinance and intends to repeal it; failure to state a claim; Eleventh Amendment immunity; qualified immunity; immunity under Monell; abstention; and various

4

immunities under the California Government Code. The Inglewood Defendants have also demanded a jury trial.

5.    Initial Disclosures By agreement, and to accommodate the potential for an out-of-court resolution of some or all claims, Plaintiffs and the Inglewood Defendants propose to exchange the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) on or before August 31, 2026.

6.    Anticipated Discovery Plaintiffs and the Inglewood Defendants jointly propose to the Court discovery on the following topics:

a. Plaintiffs anticipate limited fact discovery directed to: the enactment, administration, and enforcement of the challenged ordinances; Defendants' policies and practices concerning enforcement of the 1-in-30 Bans; any reliance by Defendants on Section 1021.11; and facts bearing on standing.

b. The parties do not propose to phase discovery. Because the case turns predominantly on questions of law and a discrete historical record, the parties propose a single, expedited discovery track leading to early cross-motions for summary judgment.

7.    Discovery Limits Unless altered by subsequent agreement of the parties or court order, Plaintiffs and the Inglewood Defendants agree that each side shall be limited to:

a. 25 requests for production of documents per side.

b. 10 depositions per side (excluding expert witnesses), each limited to no more than 7 hours, consistent with Federal Rules of Civil Procedure 30(a)(2)(A)(i) and 30(d)(1).

c. 25 interrogatories per side, including all discrete subparts, consistent with Federal Rule of Civil Procedure 33(a)(1).

d. 25 requests for admission per side, exclusive of requests directed solely to the authenticity of documents.

8.   Discovery Schedule Plaintiffs and the Inglewood Defendants propose the following discovery deadlines and limits.

a. The parties shall serve their interrogatories under Federal Rule of Civil Procedure 33 no later than either (i) Plaintiffs' proposed deadline of November 6, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 7, 2027, whichever is ordered by the Court. Objections and responses are due within 30 days after service.

b. The parties shall serve their requests for production of documents under Federal Rule of Civil Procedure 34 no later than either (i) Plaintiffs' proposed deadline of November 6, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 7, 2027, whichever is

ordered by the Court. Objections and responses are due within 30 days after service.

c. The parties shall serve their requests for admission under Federal Rule of Civil Procedure 36 no later than either (i) Plaintiffs' proposed deadline of November 6, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 7, 2027, whichever is ordered by the Court.. Objections and responses are due within 30 days after service.

d. The parties shall produce all responsive, non-privileged documents on a rolling basis, with all productions substantially complete no later than either (i) Plaintiffs' proposed deadline of November 6, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 7, 2027, whichever is ordered by the Court..

e. The parties shall serve their notices of deposition on any other party under Federal Rule of Civil Procedure 30 no later than either (i) Plaintiffs' proposed deadline of November 6, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 7, 2027, whichever is ordered by the Court.

f. The parties shall serve any subpoenas seeking third-party documents or depositions no later than either (i) Plaintiffs' proposed deadline of

November 13, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 13, 2027, whichever is ordered by the Court.

g.  Depositions of the parties shall begin after either (i) Plaintiffs' proposed deadline of November 20, 2026, or (ii) the Inglewood Defendants' proposed deadline of January 20, 2027, whichever is ordered by the Court, at mutually convenient dates and times. A party may conduct a nonparty deposition beforehand at a mutually convenient date, time, and place.

h.  The parties shall complete all fact depositions by either (i) Plaintiffs' proposed deadline of December 11, 2026, or (ii) the Inglewood Defendants' proposed deadline of February 11, 2027, whichever is ordered by the Court.

i.  The parties shall make expert disclosures under Federal Rule of Civil Procedure 26(a)(2) by either (i) Plaintiffs' proposed deadline of December 18, 2026, or (ii) the Inglewood Defendants' proposed deadline of February 18, 2027, whichever is ordered by the Court.

j.  The parties shall serve their opening expert reports under Federal Rule of Civil Procedure 26(a)(2) by either (i) Plaintiffs' proposed deadline of December 18, 2026, or (ii) the Inglewood Defendants' proposed deadline of February 18, 2027, whichever is ordered by the Court.

k.  The parties shall serve their rebuttal expert reports under Federal Rule of Civil Procedure 26(a)(2) by either (i) Plaintiffs' proposed deadline of January 15, 2027, or (ii) the Inglewood Defendants' proposed deadline of March 15, 2027, whichever is ordered by the Court.

l.  The parties shall complete all expert depositions by either (i) Plaintiffs' proposed deadline of February 12, 2027, or (ii) the Inglewood Defendants' proposed deadline of April 13, 2027, whichever is ordered by the Court..

m.  The parties shall complete all supplements to discovery under Federal Rule of Civil Procedure 26(e), including expert reports, by either (i) Plaintiffs' proposed deadline of January 29, 2027, or (ii) the Inglewood Defendants' proposed deadline of March 29, 2027, whichever is ordered by the Court.

n.  The parties shall complete all fact and expert discovery by either (i) Plaintiffs' proposed deadline of February 12, 2027, or (ii) the Inglewood Defendants' proposed deadline of April 12, 2027, whichever is ordered by the Court.

9.  <u>Treatment of Electronically Stored Information</u>. Plaintiffs and the Inglewood Defendants have discussed electronically stored information (ESI).

Because this action presents predominantly legal questions, the parties anticipate that ESI will play a limited role. The parties propose the following:

10.    Plaintiffs and the Inglewood Defendants will take reasonable steps to preserve relevant ESI within their possession, custody, or control.

11.    Plaintiffs and the Inglewood Defendants will produce ESI as searchable PDF images with a companion load file, or in native format where a document is not reasonably usable in PDF form, together with reasonably accessible metadata.

12.    <u>Privilege Claims</u> Plaintiffs and the Inglewood Defendants do not presently anticipate the need for an order under Federal Rule of Evidence 502(d), but will meet and confer and submit a proposed 502(d) order should the volume of document production warrant one.

13.    Plaintiffs and the Inglewood Defendants acknowledge that they must identify on a privilege log any information withheld from production based on privilege or work-product protection. Plaintiffs and the Inglewood Defendants will exchange privilege logs that comply with Federal Rule of Civil Procedure 26(b)(5)(A) within thirty (30) days after the related document production.

14.    <u>Confidentiality</u> Plaintiffs and the Inglewood Defendants do not presently anticipate the need for a confidentiality or protective order. Should either party identify a need to protect confidential material, the parties will meet and confer and submit a proposed stipulated protective order for the Court's approval.

15.    <u>Dispositive Motions</u> Given the predominantly legal nature of this action, Plaintiffs and the Inglewood Defendants anticipate that the case will be resolved on cross-motions for summary judgment. Plaintiffs and the Inglewood Defendants propose the following schedule for dispositive motions. For dispositive motions, they must serve:

- moving papers by either (i) Plaintiffs' proposed deadline of February 26, 2027, or (ii) the Inglewood Defendants' proposed deadline of April 26, 2027, whichever is ordered by the Court;

- responding papers by either (i) Plaintiffs' proposed deadline of March 12, 2027, or (ii) the Inglewood Defendants' proposed deadline of May 12, 2027, whichever is ordered by the Court; and

- reply papers by either (i) Plaintiffs' proposed deadline of March 19, 2027, or (ii) the Inglewood Defendants' proposed deadline of May 19, 2027, whichever is ordered by the Court.

16.    <u>Complex Case</u> This action is not complex within the meaning of the Manual for Complex Litigation, and Plaintiffs and the Inglewood Defendants do not believe that the procedures of the Manual are necessary to manage this case.

17.    <u>Alternative Dispute Resolution</u> Because this action seeks to vindicate constitutional rights and turns principally on questions of law, the parties do not anticipate that settlement is likely; Plaintiffs and the Inglewood Defendants will

11

nonetheless participate in a selected ADR process, if any, in good faith at a time set by the Court.

18.    Trial Estimate Plaintiffs and the Inglewood Defendants anticipate that this action will be resolved on cross-motions for summary judgment. Should trial become necessary, Plaintiffs and the Inglewood Defendants preliminarily estimate that trial would require 3 days. The City of Los Angeles has demanded a jury trial.

19.    Additional Parties Plaintiffs and the Inglewood Defendants do not presently anticipate the appearance of additional parties.

20.    Expert Witnesses Plaintiffs and the Inglewood Defendants propose the expert-disclosure schedule set forth in Paragraph 5 above: opening expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2) by either (i) Plaintiffs' proposed deadline of December 18, 2026, or (ii) the Inglewood Defendants' proposed deadline of February 18, 2027, whichever is ordered by the Court; rebuttal expert reports by either (i) Plaintiffs' proposed deadline of January 15, 2027, or (ii) the Inglewood Defendants' proposed deadline of March 15, 2027, whichever is ordered by the Court;; and completion of expert depositions by either (i) Plaintiffs' proposed deadline of February 12, 2027, or (ii) the Inglewood Defendants' proposed deadline of April 12, 2027, whichever is ordered by the Court.

21.    Consent for Magistrate Judge Plaintiffs and the Inglewood Defendants do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

22.    Modification. This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

13

Respectfully submitted,

Dated: July 30, 2026            **LAWRENCE BARTELS LLP**


By: */s/ David T. Bartels*
      DAVID T. BARTELS
*Attorneys for Plaintiffs Thomas Lopez,*
*Firearms Policy Coalition, Inc, and*
*California Gun Rights Foundation*


**FLORES LAW PLLC**


By: */s/ Chad Flores*
      CHAD FLORES
*Attorneys for Plaintiffs Thomas Lopez,*
*Firearms Policy Coalition, Inc, and*
*California Gun Rights Foundation*