David Bartels (SBN 209449)
dbartels@lawrencebartels.com
LAWRENCE BARTELS LLP
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618-3047
(949) 346-4646

Chad Flores
chad@chadflores.law
FLORES LAW PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Attorneys for Plaintiffs Thomas Lopez,
Firearms Policy Coalition, Inc. and California Gun Rights Foundation

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS LOPEZ, an individual; FIREARMS POLICY COALITION, INC., a Delaware nonprofit corporation; and CALIFORNIA GUN RIGHTS FOUNDATION, a California nonprofit corporation,<br><br>Plaintiffs,<br>v.<br><br>CITY OF LOS ANGELES, a California municipal corporation; JAMES McDONNELL, in his official capacity as Chief of Police of the City of Los Angeles; HYDEE FELDSTEIN SOTO, in her official capacity as City Attorney for the City of Los Angeles; CITY OF INGLEWOOD, a California municipal corporation; MARK FRONTEROTTA, in his official capacity as Chief of Police of the City of Inglewood; | No. 2:26-cv-06003-FMO-KS<br><br>**Proposed Discovery Plan** |

RICK R. OLIVAREZ, in his official capacity as City Attorney for the City of Inglewood.

Defendants.

Pursuant to the Court's Order Re: Scheduling Conference, ECF No. 32, the parties submit this Renewed Joint Rule 26(f) Report. Counsel conducted the required Rule 26(f) conference in person on October 6, 2026 at the Los Angeles City Attorney's Office within the Central District of California. The parties discussed the matters required by Federal Rule of Civil Procedure 26(f), the Court's July 6, 2026 Order Setting Scheduling Conference, and the Court's August 10, 2026 Order. The details of that conference are set forth in the declaration of Plaintiffs' counsel below.

1. Nature of Claims and Defenses.

Plaintiffs Thomas Lopez, Firearms Policy Coalition, Inc., and California Gun Rights Foundation bring this action under 42 U.S.C. § 1983.

Plaintiffs challenge ordinances enacted by the City of Los Angeles and the City of Inglewood that prohibited the purchase of more than one handgun during a thirty-day period. Plaintiffs contend that those ordinances violated the Second and Fourteenth Amendments, both facially and as applied.

Plaintiffs also challenge California Code of Civil Procedure § 1021.11. Plaintiffs contend that its one-way fee-shifting provisions violate the First and Fourteenth Amendments, the Supremacy Clause, the Equal Protection Clause, and the Due Process Clause.

All Defendants have answered the Complaint. The City of Los Angeles filed its Answer and Jury Demand on July 2, 2026. (Dkt. 23.) The City of Inglewood,

Mark Fronterotta, and Rick R. Olivarez (collectively the "Inglewood Defendants") filed their Answer and Jury Demand on July 7, 2026. (Dkt. 25.) James McDonnell and Hydee Feldstein Soto (collectively with the City of Los Angeles, the "LA Defendants") subsequently filed their Answer on September 2, 2026. (Dkt. 35.)

Defendants deny that Plaintiffs are entitled to relief and have asserted defenses including lack of standing, mootness, failure to state a claim, and other defenses stated in their responsive pleadings.

Since this action was filed, both municipalities have repealed the challenged 1-in-30 ordinances. The legal effect of those repeals remains disputed. Plaintiffs maintain that repeal does not moot the action in its entirety and that they remain entitled to adjudication of their claims, including retrospective relief and nominal damages. The parties further dispute the continuing claims concerning Section 1021.11 and the relief, if any, available to Plaintiffs.

The parties agree that, in light of these developments, the remaining controversy presents predominantly legal issues that can efficiently be presented to the Court through early dispositive motions.

2. Magistrate Judge

The parties do not consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

3. <u>Discovery</u>

The parties propose that this action proceed to dispositive motions before discovery.

The parties agree that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and all fact and expert discovery should be deferred pending resolution of the dispositive motions described below.

Plaintiffs intend to support their motion for summary judgment with declarations and other admissible evidence sufficient to establish the facts on which they rely, including facts bearing on standing.

The parties do not presently propose interrogatories, requests for production, requests for admission, depositions, expert discovery, or third-party discovery before resolution of the dispositive motions.

Likewise, because discovery is deferred, the parties do not presently propose separate protocols governing electronically stored information, privilege logs, confidentiality, or expert discovery.

If the Court's disposition of the parties' dispositive motions leaves claims or factual issues requiring discovery or trial, the parties shall meet and confer within fourteen days after the Court's ruling and submit a proposed schedule addressing initial disclosures, any necessary fact and expert discovery, further motions, pretrial proceedings, and trial.

4. Motions

The parties propose an early summary-judgment schedule designed to permit resolution of the remaining controversy without unnecessary discovery.

Plaintiffs intend to move for summary judgment on all remaining claims against all Defendants. Plaintiffs' motion will address, as appropriate, the constitutional merits, the legal effect of repeal, Plaintiffs' entitlement to retrospective relief and nominal damages, the Section 1021.11 claims, and any other issue necessary to entry of final judgment. The Inglewood Defendants intend to file a Rule 12(c) motion to dismiss based on a lack of standing and a Rule 12(h)(3) motion to dismiss based on lack of subject matter jurisdiction. The LA Defendants intend to file a motion for judgment on the pleadings or a motion for summary judgment.

The parties propose the following schedule:

- Parties shall file their respective motions no later than forty-five days after the filing of this Renewed Joint Rule 26(f) Report.
- Parties shall file their oppositions no later than 21 days after the foregoing motions are filed.
- Parties shall file replies in support of their respective motions no later than 14 days after the Parties have filed their respective oppositions.

All motions should, to the extent practicable, be noticed for the same hearing date so that the remaining claims and defenses may be resolved in a single round of briefing.

If the dispositive motions do not fully resolve the action, the parties shall meet and confer within fourteen days after the Court's ruling and submit a proposed schedule for any remaining proceedings.

5. Settlement

The parties have engaged in substantial settlement discussions concerning resolution of the claims against both sets of Defendants. Those discussions have not yet resulted in a complete resolution.

The parties may continue settlement discussions while dispositive briefing proceeds. They do not propose delaying dispositive motions while those discussions continue.

Given the predominantly legal nature of the remaining controversy and the settlement discussions already undertaken, the parties do not presently believe that formal ADR should precede dispositive motions. The parties will participate in any ADR process ordered by the Court and remain free to pursue voluntary resolution in the meantime.

6. Pretrial Conference & Trial

The parties anticipate that the action may be resolved through dispositive motions and therefore do not presently propose dates for a final pretrial conference or trial. If claims remain after disposition of the proposed summary-judgment motions, the parties shall meet and confer within fourteen days after the Court's ruling and propose appropriate pretrial and trial dates as part of the further schedule described above.

Respectfully submitted,

Dated: October 13, 2026

**LAWRENCE BARTELS LLP**

By: */s/ David T. Bartels*
DAVID T. BARTELS
*Attorneys for Plaintiffs Thomas Lopez, Firearms Policy Coalition, Inc, and California Gun Rights Foundation*

**FLORES LAW PLLC**

By: */s/ Chad Flores*
CHAD FLORES
*Attorneys for Plaintiffs Thomas Lopez, Firearms Policy Coalition, Inc, and California Gun Rights Foundation*

Dated: October 13, 2026

**HYDEE FELDSTEIN SOTO, City Attorney**
**DENISE C. MILLS, Chief Deputy City Atty.**
**KATHLEEN KENEALY, Chief Asst. City Atty.**
**GABRIEL S. DERMER, Assistant City Attorney**

By: *<u>/s/ Gabriel S. Dermer</u>*
GABRIEL S. DERMER
*Attorneys for Defendants City of Los Angeles, James McDonnell and Hydee Feldstein Soto*

Dated: October 13, 2026

**GEORGE L. MALLORY, JR. & ASSOC.**

By: *<u>/s/ George L. Mallory, Jr.</u>*
GEORGE L. MALLORY, JR.
*Attorneys for Defendants City of Inglewood, Mark Fronterotta and Rick Olivarez*

## FILER'S ATTESTTION OF CONCURRENCE

I, David T. Bartels, attest that I am counsel for Plaintiffs. As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.

Dated: October 13, 2026

**LAWRENCE BARTELS LLP**

By: */s/ David T. Bartels*
DAVID T. BARTELS
*Attorneys for Plaintiffs Thomas Lopez, Firearms Policy Coalition, Inc, and California Gun Rights Foundation*